# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

JAMES E. OTIS                                                                  PLAINTIFF

v.                                                            No. 3:16CV232-NBB-JMV

TIMOTH OUTLAW                                                DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of James E. Otis, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that during a shakedown of his prison unit, someone took his gold wedding ring. For the reasons set forth below, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On February 10, 2016, at approximately 8:50 a.m., at the Marshall County Correctional Facility, Corrections Officers Davis and Benson ordered the inmates out of C-Unit, Pod 1 for a shakedown of the unit. James Otis, the plaintiff complied, but when he returned to his unit, his wedding band was missing from his trunk. He inquired about the ring but could not determine who might have taken it. He then filed a grievance, but did not recover his ring. He seeks an order from this court that prison officials either return his original ring (which he has worn for 36 years) – or to replace it.

**Taking of Property Without Due Process of Law**

Though the court sympathizes with Mr. Otis regarding the loss of an item of great sentimental value, the allegations of his complaint do not state a constitutional claim. The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This rule, the Paratt/Hudson doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533, *Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011). Thus, the initial question before the court as to the plaintiff's claim regarding the taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April 1, 1993. As to suits filed by prisoners, the MTCA states:

> (1) A governmental entity and its employees acting and within the course scope of their employment or duties shall not be liable for any claim:
>
> . . .
>
> (m)  Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this statute would seem to foreclose any remedies the plaintiff may have under state law. However, the plaintiff's remedy for the taking of property

arises directly from the Constitution of the State of Mississippi, which cannot be circumvented through a state statute. *Pickering v. Langston Law Firm, P.A.*, 88 So.3d 1269 (Miss. 2012). The unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the State of Mississippi. *Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85 So.3d 307 (Miss.App.,2012). Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in Johnson are legally indistinguishable from those in the instant case. The prison officials in that case confiscated Johnson's drinking mug and disposed of it. *Johnson v. King*, 85 So.3d 307, 311-312 (Miss. App. 2012). Johnson had purchased the mug from the canteen with his own money. *Id*. The mug as purchased was not considered contraband, and Johnson had not modified the mug in such a way to turn it into contraband. *Id*. The Mississippi Court of Appeals held that, under these circumstances, the taking of Johnson's mug violated the Mississippi Constitution and that prison officials had to either replace the mug or compensate Johnson for the fair value of the mug. *Id*. Those facts mirror the facts in the present case, except that the officials in the present case do not acknowledge that a member of prison staff actually took Mr. Otis' property. As such, the plaintiff in this case has an adequate remedy under state law, and his claims for the taking of his property without due process of law must be dismissed.

## Conclusion

For the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. § 1915(g). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 6th day of March, 2018.

                                              /Neal Biggers
                                              NEAL B. BIGGERS
                                              SENIOR U. S. DISTRICT JUDGE